<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| J.P.N., | : | **Civil Action No. 25-00540 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on appeal by Plaintiff J.P.N. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act").  This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 78.1(b), finds that the Commissioner's decision will be **VACATED and REMANDED**.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 10, 2021.  A hearing was held before Administrative Law Judge Elizabeth A. Lardaro (the "ALJ") on October 1, 2024, and the ALJ issued an unfavorable decision on October 24, 2024.  Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review on December 13, 2024, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 24, 2024, the ALJ found that, at step one, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 10, 2021.  Tr. 17. At step two, the ALJ found Plaintiff had severe impairments including diabetes, heart disease, hypertension, obesity, anxiety and depression.  *Id.*  At step three, the ALJ found Plaintiff's impairments, either singly or in combination, did not meet or medically equal the severity of any of the listed impairments set forth in the Listing of Impairments.  *Id.* at 20.  At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that he could stand and/or walk for one hour in an eight-hour workday and was limited to simple, routine, and repetitive tasks with additional nonexertional restrictions.  *Id.* at 21-23.  The ALJ further found that Plaintiff was unable to perform his past relevant work.  *Id.*

At step five, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy.  *Id.* at 27.  Accordingly, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.  *Id.* at 28.

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Id.*  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  *Id.* at 410.  Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.

2

At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff argues that the ALJ failed to carry the Commissioner's burden at Step 5 because the Vocational Expert's testimony contained an unresolved conflict with the Dictionary of Occupational Titles ("DOT") in violation of Social Security Ruling 00-4p[1].   (Pl.'s Br. at 9-11). SSR 00-4p provides that "[w]hen there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination." SSR 00-4p, 2000 WL 1898704, at *2.   The ruling further requires that the ALJ "explain in the determination or decision how any conflict that has been identified was resolved."   *Id.*

Specifically, Plaintiff contends that the Vocational Expert testified that an individual limited to simple, routine, and repetitive tasks would be restricted to jobs involving simple instructions and precluded from jobs requiring detailed instructions.   (Pl.'s Reply At 1-2). Plaintiff argues that this testimony conflicts with the DOT descriptions of the identified jobs – marker, garment sorter, and router – which require Reasoning Level 2 and the ability to carry out "detailed but uninvolved" instructions.   *Id.*

The Commissioner responds that no conflict exists and argues that Plaintiff's position

---

[1] The agency recently issued a new Social Security Ruling that rescinds and replaces SSR 00-4p and applies to determinations or decisions dated on or after January 6, 2025.   *See* SSR 24-3p, 89 Fed. Reg. 97,158, available at 2024 WL 498840.   Because the ALJ decision at issue here predates the new ruling's effective date, the new ruling does not apply.

improperly attempts to impose a categorical rule that Reasoning Level 2 occupations are inconsistent with a limitation to simple, routine, and repetitive work.   (Def.'s Br. at 11-12).   The Commissioner further relies on Third Circuit case law rejecting such categorical arguments and maintains that the Vocational Expert's testimony constitutes substantial evidence supporting the ALJ's Step Five finding.   *Id.*; *see, e.g. Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004).

The Third Circuit has made clear that the Social Security Administration relies on the DOT as a primary source of occupational information and that conflicts between vocational expert testimony and the DOT must be addressed.   As the Court of Appeals explained:

> "The Social Security Administration has taken administrative notice of the reliability of the job information contained in the Dictionary of Occupational Titles… and often relies upon it at steps four and five of the evaluation process… Burns argues that the vocational expert's testimony… was inconsistent with the DOT in several respects, and that any inconsistencies should have been explained by the vocational expert as well as by the ALJ in his decision. We agree."

*Burns v. Barnhart*, 312 F.3d 113, 126 (3d Cir. 2002).

In subsequent decisions, the Third Circuit further examined how such conflicts should be treated.   In *Boone v. Barnhart*, the Court recognized differing approaches among the circuits and explained that where a conflict between vocational expert testimony and the DOT exists and remains unexplained, "we do not adopt a general rule that an unexplained conflict between a VE's testimony and the DOT *necessarily* requires reversal."   353 F.3d 203, 206 (3d Cir. 2003). Instead, the Third Circuit examined the record to determine whether the vocational expert's testimony constituted substantial evidence in support of the step five determination, or whether there was other supporting substantial evidence elsewhere in the record.   Id. at 209-211.   Thus, pursuant to *Boone*, this Court must determine whether the vocational expert's testimony constitutes

4

substantial evidence in support of the step five determination, or whether there is other supporting substantial evidence elsewhere in the record.

The Third Circuit further developed this framework in *Zirnsak v. Colvin* [2], which synthesized the governing principles.  777 F.3d 607, 616-17 (3d Cir. 2014).  The Third Circuit explained:

> As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT. To ensure consistency, ALJs must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs … and information in the [DOT]." Specifically, an ALJ is required to (1) ask, on the record, whether the VE's testimony is consistent with the DOT, (2) "elicit a reasonable explanation" where an inconsistency appears, and (3) explain in the decision "how the conflict was resolved." However, "the presence of inconsistencies does not mandate remand, so long as 'substantial evidence exists in other portions of the record that can form an appropriate basis to support the result.'"

*Zirnsak*, 777 F.3d 616-617.

The *Zirnsak* court reiterated that the existence of an inconsistency between vocational expert testimony and the DOT does not mandate remand in every case.  *Id.* at 617.  Instead, the relevant inquiry is whether "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result." *Id.* (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005)).  Courts within this Circuit have likewise declined to adopt a categorical rule that a limitation to simple, routine, and repetitive tasks is inherently inconsistent with Reasoning Level 2 occupations. *See, e.g.*, *Money*, 91 F. App'x at 215.  Rather, the inquiry is fact-specific.

---

[2] Although *Zirnsak* appears in the Federal Reporter, which generally publishes precedential opinions, the decision itself is expressly designated as "not precedential." *See Zirnsak v. Colvin*, 777 F.3d 607 (3d Cir. 2014).  Under Third Circuit Internal Operating Procedure 5.7, such opinions are not binding precedent, though they may be considered for their persuasive value.

The Third Circuit cases discussed thus instruct this Court to examine whether, notwithstanding any potential conflict between the Vocational Expert's testimony and the DOT, substantial evidence elsewhere in the record supports the ALJ's Step Five determination.

Here, however, the Court has attempted to conduct that inquiry but cannot complete the task.

The Court agrees with the Commissioner that the existence of an apparent conflict between vocational expert testimony and the DOT does not, by itself, mandate remand.   Where a potential inconsistency exists, the Court must determine whether the ALJ's Step Five finding is otherwise supported by substantial evidence and whether any conflict has been adequately addressed.

The first place the Court must look is the ALJ's analysis at Step Four, where the limitation to simple, routine, and repetitive tasks was established.   The ALJ's explanation consists of a single sentence: "In addition, due to the claimant's depression and anxiety, he is limited to simple, routine and repetitive tasks."   (Tr. 30).

This statement is purely conclusory.   The ALJ does not identify what specific functional limitations arise from Plaintiff's depression and anxiety, how those limitations translate into a restriction to simple, routine, and repetitive tasks, or what evidence supports that conclusion.   Nor does the ALJ explain how this limitation interacts with the vocational evidence at Step Five.   The ALJ's analysis at Step Four does not provide the Court with the information necessary to determine what evidence supports the simple tasks limitation or how that evidence translates into the functional restriction adopted in the RFC determination.

The Third Circuit has made clear that such unexplained conclusions may be insufficient to enable the Court to conduct meaningful judicial review.   In *Burnett v. Commissioner of Social*

6

*Security*, the Court of Appeals held that an ALJ must provide an explanation that permits meaningful judicial review by articulating the reasons for the decision and the evidentiary basis for the limitations imposed.   220 F.3d 112, 119-120 (3d Cir. 2000).   In *Burnett*, the Third Circuit emphasized that an ALJ must do more than state a conclusion; rather, the ALJ must set forth the reasons for the decision, including a discussion of the evidence and an explanation of how that evidence supports the result, so that a reviewing court may properly evaluate whether substantial evidence supports the determination.   *Id.* at 119 ("the ALJ must set forth the reasons for his decision").   This requirement ensures that the court is not left to speculate as to the basis for the ALJ's findings.

Where the ALJ fails to provide such an explanation, the Court cannot determine whether "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result."   *Zirnsak*, 777 F.3d at 617 (quoting *Rutherford*, 399 F.3d at 557).

That is precisely the situation here.   In order to evaluate Plaintiff's argument regarding the alleged conflict between the Vocational Expert's testimony and the DOT, this Court would need to understand what functional limitations the ALJ intended to capture with the restriction to simple, routine, and repetitive tasks, and what evidence supported those functional limitations.   Without a meaningful explanation of the limitations and the underlying evidence, the Court cannot assess whether the identified jobs are consistent with the RFC, whether any conflict exists, or whether any such conflict is material, whether "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result."   *Zirnsak*, 777 F.3d at 617.   In short, the Court cannot perform the analysis contemplated by Third Circuit precedent because the ALJ did not sufficiently explain the analysis at Step Four which led to the simple tasks limitation.

The deficiency is not that the ALJ necessarily reached the wrong conclusion, but that the ALJ failed to explain that conclusion in a manner that permits judicial review. The Court may not speculate as to the ALJ's reasoning or supply its own rationale. *See Burnett*, 220 F.3d at 119-120.

Accordingly, remand is required so that the ALJ may provide a sufficient explanation of the RFC determination, including how Plaintiff's mental impairments translate into specific functional limitations, and to allow for proper evaluation of the vocational evidence in light of that explanation. On remand, the ALJ should be aware of the potential for conflict between the Vocational Expert's testimony and the contents of the DOT.

Because the ALJ's decision does not permit meaningful judicial review, the decision of the Commissioner will be **VACATED** and the matter **REMANDED** for further proceedings consistent with this Opinion.

An appropriate Order accompanies this Opinion.

/s/ Stanley R. Chesler
_____
STANLEY R. CHESLER, U.S.D.J.

Dated: March 31, 2026

8